IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JOSEPH GABRIEL THOMPSON,  §
   #38624-509  §
     §
     §                 CIVIL ACTION NO. 4:24cv239
VS.  §     CRIMINAL ACTION NO. 4:19cr206(20)
     §
     §
UNITED STATES OF AMERICA  §

**MEMORANDUM OPINION AND ORDER**

*Pro se* Movant Joseph Gabriel Thompson, a prisoner previously confined within the Bureau of Prisons ("BOP") at F.C.I. Jesup, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Movant pled guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1349, 1344. Crim. ECF (Dkt. ##916, 917). On December 19, 2023, Movant was sentenced to thirty months' imprisonment, to run concurrently with his Arizona state court sentence. Crim. ECF (Dkt. #942).

Movant filed the instant § 2255 motion on or about March 13, 2024. (Dkt. #1). Movant argues that his trial counsel provided ineffective assistance regarding sentencing. (Dkt. #1, p. 4). Specifically, he asserts:

> My attorney assured me that the government and court had agreed that my federal sentence would not only run concurrently with my sentence from the Superior Court for the State of Arizona, Yavapai County, but that I would get credit for time already spent serving that sentence while I was on a federal habeas corpus ad prosequendum writ to the Eastern District of Texas. Had my attorney investigated the law, he would have discovered that federal statute prohibits giving credit against a federal sentence for pretrial detention that with serving a prior state sentence. Had my attorney investigated the law, he would have determined that the appropriate way to give me credit for time spent on a state sentence imposed for an offense that was relevant conduct to the federal offense would have been to adjust the sentence pursuant to USSG §5G 1.3.

1

As a result of my attorney's failure to investigate the law, I was not immediately released as my attorney, the government, and the court all expected I would be. Instead, the Federal Bureau of prisons has determined that my release date falls on November 26, 2025.

(Dkt. #1, p. 4). As relief, Movant requests that his sentence be vacated and that he be resentenced to time served pursuant to U.S.S.G. § 5G1.3(b) (Dkt. #1, p. 12; Dkt. #1-1, p. 15).

On August 1, 2024, the undersigned entered an Amended Judgment sentencing Movant to time served. Crim. ECF (Dkt. #977). Movant was released from BOP custody on August 2, 2024. *See* https://www.bop.gov/inmateloc/.

Movant's § 2255 motion must be dismissed. The relief Movant requests is to be resentenced to time served and released from custody. Since he has been resentenced to time served and has now been released, his claim for relief is moot. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

It is accordingly **ORDERED** that the above-styled motion for relief under 28 U.S.C. § 2255 is **DISMISSED** without prejudice as moot.

**SIGNED this 7th day of August, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

2